```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
PATRICIA WOOD,                      )
                                    )
            Plaintiff,              )   C.A. No. 17-338 WES
                                    )
    v.                              )
                                    )
                                    )
WARWICK SCHOOL COMMITTEE,           )
                                    )
            Defendant.              )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Plaintiff Patricia Wood's Motion to Dismiss and Remand (ECF No. 11), which the Court GRANTS for the following reasons.

I.  Background

This case alleging discrimination started in state court on June 26, 2017, and was removed on July 19, 2017. (Resp. in Opp'n to Mot. to Dismiss and Remand 2, ECF No. 12-1.) It was not Wood's first case against the Warwick School Committee. Some months before, on January 16, 2017, Wood brought a case against the Committee, alleging breach of fiduciary duty, again in state court. (Id.) Wood now seeks to dismiss the sole federal claim—arising under the Americans with Disabilities Act ("ADA")—in her discrimination case, and remand the supplemental state-law claims. (Id. at 1.)

II. Discussion

The Court will allow Wood to dismiss her ADA claim. See Fed. R. Civ. P. 41(a)(2); P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981) ("The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." (alteration and quotation marks omitted)).

The question then is whether to retain jurisdiction over the supplemental state-law claims, or remand them. "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995).

After perusing the docket, the Court will exercise its discretion to send the remaining claims in the discrimination case back to state court. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). Even though the parties have conducted some discovery and been heard before the Magistrate Judge, the Court notes that fact discovery—scheduled to close on April 23, 2018,

when the parties filed their papers on these motion (ECF No. 8)—has been extended to October 23, 2018, and no trial date has been set. (Text Order, May 17, 2018); cf. Redondo Constr. Corp. v. Izquierdo, 662 F.3d 42, 49–50 (1st Cir. 2011) (reversing district court's refusal to exercise supplemental jurisdiction "only four days before trial was scheduled to begin, when the action had been pending in federal court for more than six years, the summary judgment record had been complete for nearly a year, and the parties were almost completely prepared for trial").

III. Conclusion

The Motion to Dismiss and Remand (ECF No. 11) is GRANTED. IT IS SO ORDERED.

/s/ WESmith
_____
William E. Smith
Chief Judge
Date: July 10, 2018